UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In the Matter of a Subpoena Issued to<br>Thomas A. Scully | ) <br> ) <br> ) | Misc. No. 06-0077 (GK) |
| _____ | ) <br> ) | |
| BOCA RATON COMMUNITY HOSPITAL,<br>INC., a Florida not-for-profit corporation d/b/a<br>BOCA RATON COMMUNITY HOSPITAL,<br>on behalf of itself, and on behalf of a Class of<br>all others similarly situated, | ) <br> ) <br> ) <br> ) <br> ) <br> ) | |
| Plaintiff, | ) <br> ) | United States District Court<br>Southern District of Florida<br>Civil No. 05-80183 |
| v. | ) <br> ) <br> ) | Hon. Patricia A. Seitz<br>(related case) |
| TENET HEALTHCARE CORPORATION | ) <br> ) <br> ) | |
| Defendant. | ) <br> ) | |
| _____ | ) | |

**UNITED STATES' CROSS-MOTION TO
QUASH SUBPOENA OF THOMAS A. SCULLY**

On or about February 3, 2006, this Court issued a deposition subpoena to Thomas A.

Scully, a former employee of the Department of Health and Human Services (HHS). As a former

HHS employee, Mr. Scully is covered by the agency's "Touhy regulations," 45 C.F. R. Part 2,

which prohibit current and former employees from testifying about information that they

acquired in the course of performing their official duties, unless they first obtain agency

approval. Tenet Healthcare Corporation, the party that sought the subpoena, failed to comply

with the applicable regulations, even though the testimony it is seeking is clearly covered by the

regulations. Pursuant to Local Civil Rule 7(m), the Government has asked Tenet to withdraw the

subpoena, and it has refused to do so. Therefore, the United States respectfully moves to quash

the subpoena of Mr. Scully pursuant to Fed. R. Civ. P. 45(c)(3).

DATED: February 28, 2006                    Respectfully submitted,

                                            PETER D. KEISLER
                                            Assistant Attorney General

                                            KENNETH L. WAINSTEIN
                                            United States Attorney

                                            KEITH V. MORGAN
                                            Assistant United States Attorney
                                            MICHAEL F. HERTZ
                                            MICHAEL GRANSTON
                                            DANIEL SPIRO


                            By:   *David T. Cohen*
                                  _____
                                  DAVID T. COHEN (Bar No. 418962)
                                  U.S. Department of Justice
                                  P.O. Box 261
                                  Ben Franklin Station
                                  Washington, D.C. 20044
                                  Telephone: (202) 307-0136
                                  Facsimile: (202) 307-3852
                                  E-mail: david.t.cohen@usdoj.gov


                                  Attorneys for United States of America

UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

In the Matter of a Subpoena Issued to )
Thomas A. Scully                      )        Misc. No. 06-0077 (GK)
                                      )
_____ )
                                      )
BOCA RATON COMMUNITY HOSPITAL,        )
INC., a Florida not-for-profit corporation d/b/a )
BOCA RATON COMMUNITY HOSPITAL,        )
on behalf of itself, and on behalf of a Class of )
all others similarly situated,        )
                                      )        United States District Court
            Plaintiff,                )        Southern District of Florida
                                      )        Civil No. 05-80183
       v.                             )        Hon. Patricia A. Seitz
                                      )        (related case)
TENET HEALTHCARE CORPORATION          )
                                      )
            Defendant.                )
_____ )

**MEMORANDUM IN OPPOSITION TO TENET'S MOTION
TO COMPEL AND IN SUPPORT OF UNITED STATES'
CROSS-MOTION TO QUASH SUBPOENA OF THOMAS A. SCULLY**

On or about February 3, 2006, Tenet Healthcare Corp. served on Thomas A. Scully, the

former Administrator of the Centers for Medicare & Medicaid Services (CMS), a deposition

subpoena that had been issued by this Court.  CMS is the component of the Department of Health

& Human Services (HHS) that is responsible for administering the Medicare program.  As a

former HHS employee, Mr. Scully is covered by the agency's "Touhy regulations," 45 C.F. R.

Part 2, which set forth a procedure that must be followed whenever a litigant in a case in which

the United States is not a party wishes to depose a current or former HHS employee about

information that the employee acquired in the course of performing the employee's official

duties.[1]  Here, Tenet has refused to comply with these regulations, and has moved to compel Mr.

Scully's deposition.  The only justification that Tenet has offered for its failure to comply with

the procedure set forth in the HHS Touhy regulations is that the regulations should not apply to

former agency employees.  For the reasons set forth below, Tenet's argument is legally baseless

and its motion is premature.  Therefore, the United States respectfully asks this Court to deny

Tenet's motion, and also to quash the subpoena that was issued to Mr. Scully, in accordance with

Fed. R. Civ. P. 45(c)(3).

## BACKGROUND

I.     The HHS TOUHY REGULATIONS

The HHS Touhy regulations govern situations in which the testimony of a current or

former HHS employee is sought in connection with a lawsuit in which the United States is not a

party, if that testimony (1) involves information acquired in the course of the former employee's

official duties, or (2) is being sought because of the person's official position at HHS.  45 C.F.R.

§ 2.1.  Specifically, 45 C.F.R. § 2.3 states:

> No employee or former employee of [HHS] may provide testimony . . . in any
> proceedings to which this part applies concerning information acquired in the
> course of performing official duties or because of the person's official relationship
> with the Department unless authorized by the Agency head pursuant to this part
> based on a determination by the Agency head, after consultation with the Office of
> the General Counsel, that compliance with the request would promote the
> objectives of the Department.

Furthermore, 45 C.F.R. § 2.4 states that all requests for covered testimony "must be

addressed to the Agency head in writing and must state the nature of the requested testimony,

why the information sought is unavailable by any other means, and the reasons why the

---

[1]  Touhy regulations are named after a Supreme Court case that recognized the authority of agency heads to restrict the release of information by agency employees, United States ex rel. Touhy v. Ragen, 340 U.S. 462 (1951).

testimony would be in the interest of [HHS] or the federal government."

These regulations are consistent with similar regulations that have been issued by most other federal agencies. Promulgation of such regulations is authorized by 5 U.S.C. § 301, which permits agency heads to regulate the governance of their departments, and has been approved by the Supreme Court in United States ex rel. Touhy v. Ragen, 340 U.S. 462 (1951). It is well established that when an agency has enacted valid Touhy regulations, litigants may not subpoena or request testimony of covered persons without complying with those regulations.[2] If the agency denies the litigant's request, that decision may be reviewed under the Administrative Procedure Act under an "arbitrary and capricious" standard. Houston Business Journal, 86 F.3d at 1212, n. 4; Bobreski, 284 F. Supp.2d at 73-74; see also Truex v. Allstate Ins. Co., 2006 WL 241228, *4 (D.D.C. Jan. 26, 2006) (motion to quash subpoena granted because litigant failed to exhaust APA remedies prior to filing motion to compel).

II.    FACTUAL BACKGROUND

The deposition at issue here is being sought in connection with Boca Raton Community Hospital, Inc. v. Tenet Healthcare Corp., Case No. 05-80183-CIV-SEITZ/MCALILEY (S.D. Fla.), a class action in which hospitals have accused Tenet, a large hospital chain, of engaging in a practice called "turbocharging," by which it artificially inflated the Medicare payments that it

---

[2] Houston Business Journal, Inc. v. Office of the Comptroller of Currency, 86 F.3d 1208, 1212, n. 4 (D.C. Cir. 1996); Ho v. United States, 374 F. Supp.2d 82, 83 (D.D.C. 2005); Bobreski v. U.S. Environmental Protection Agency, 284 F. Supp.2d 67, 73-74 (D.D.C. 2003); see also Owens v. Republic of Sudan, 374 F. Supp.2d 1, 28-29 (D.D.C. 2005) (requiring federal litigant to comply with applicable Touhy regulations); In re S.E.C. ex rel. Glotzer, 374 F.3d 184, 192 (2d Cir. 2004) (a party seeking judicial review of an agency's non-compliance with a subpoena must first exhaust its administrative remedies); Smith v. Cromer, 159 F.3d 875 (4th Cir. 1998), cert denied 528 U.S. 826 (1999) (enforcing Department of Justice Touhy regulations); Edwards v. U. S. Dept. of Justice, 43 F.3d 312, 317 (7th Cir. 1994) (a federal employee cannot be compelled to obey a subpoena issued in violation of valid Touhy regulations).

received for "outliers," or instances of exceptionally costly patient care. The plaintiffs allege that Tenet's turbocharging was such a drain on Medicare that it harmed other hospitals that were competing for the same Medicare outlier funds. Tenet's primary defense appears to be that it was exploiting a legal loophole in the applicable Medicare regulations.

Significantly, the United States is not a party to the Florida case. Over the last several years, however, the Government has been conducting its own investigation into Tenet's turbocharging practices, and has been considering filing its own lawsuit against Tenet. That process is still going on today. As the former head of the agency that is responsible for administering the Medicare program, Mr. Scully was personally involved in the Government's analysis of Tenet's practices. While Administrator, he participated in discussions with Government attorneys and other Government employees analyzing the Tenet turbocharging situation and what actions the Government should take in response. He also met with Tenet's CEO to discuss excessive outlier payments to Tenet.

Mr. Scully left the Government, and is now employed by Alston & Bird, a law firm that is representing Tenet in a number of legal matters. On December 23, 2005, without providing any advance notice to the Government, Tenet presented the Florida court with an affidavit by Mr. Scully in which Mr. Scully purported to present CMS' views regarding Tenet's turbocharging practices. A copy of the affidavit is attached hereto as Exhibit 1. The affidavit included extensive discussion of information that Mr. Scully acquired and actions that he took in his official position at CMS. It purported to describe CMS' internal views of legal issues during the time he was at CMS. *E.g., id.* at ¶ 6 ("CMS did not understand its own regulations"). It included discussions of CMS' deliberative process in responding to the Tenet situation – for example, it alleged that Mr. Scully's efforts to issue new regulations on turbocharging were delayed by "very

intense political pressure from the Pennsylvania and New Jersey Congressional delegations." *Id.*, ¶ 5.  In the brief that accompanied this affidavit, Tenet invoked Mr. Scully's position as the former Administrator of CMS as a reason to give special weight to his legal interpretations of CMS policies and regulations that he was personally involved with.  Exhibit 2, p. 12.[3]

On January 11, 2006, the Government sent Tenet counsel a letter raising a number of concerns involving Mr. Scully's affidavit.  Exhibit 4.  Among other things, the letter reminded Tenet counsel of their duty to comply with HHS' Touhy regulations.  In response, Tenet agreed to withdraw the Scully affidavit, which it did on January 23, 2006.

Despite the Government's reminder of the applicability of HHS' Touhy regulations to Mr. Scully's testimony in the Florida case, Tenet made no effort to comply with the Touhy regulations before serving its subpoena on Mr. Scully.  Although it had indicated when it withdrew the Scully affidavit that it intended to notice Mr. Scully's deposition at some point in the future, it did not submit a Touhy request to HHS, it did not serve a copy of its subpoena on the Government, and it did not inform the Government that a deposition had been scheduled.

On February 13, 2006, HHS sent a letter to Tenet counsel requesting that Tenet withdraw its subpoena until such time as it had complied with HHS' Touhy regulations and received the agency's response.  Exhibit 5.  Tenet refused to do so, and instead filed a motion to compel Mr. Scully's deposition.

---

[3]  The Government strongly disagrees with many of the statements in Mr. Scully's affidavit.  The statement on page 3 of Tenet's brief to this Court that the Department of Justice has "raised no issue regarding the accuracy or veracity of Scully's sworn statement" overlooks the amicus curiae brief that the Department of Justice submitted in the Florida case on February 2, 2006, in which we stated that "the opinion of Mr. Scully, who is currently employed by a law firm that represents Tenet in connection with other matters involving the United States, does not reflect the views of CMS."  Exhibit 3, p. 15, n. 7.

## ARGUMENT

There is no dispute that the HHS Touhy regulations, on their face, set forth the exclusive procedure that must be followed whenever a litigant in a case in which the United States is not a party seeks the testimony of a former agency employee about information obtained in the course of his or her official duties. There is also no question that Tenet has refused to follow that procedure here. Despite the fact that Tenet is clearly seeking to depose Mr. Scully about and because of his prior position with CMS, it did not submit a Touhy request to HHS, and it has not exhausted its administrative remedies. Tenet does not dispute that the HHS Touhy procedure is mandatory when testimony is sought from a current agency employee, but argues that the regulations should be invalidated to the extent that they apply to former HHS employees. Tenet's motion to compel should be denied as premature, since it is well established that one must exhaust one's administrative remedies in accordance with the Administrative Procedure Act before challenging the validity of a Touhy regulation in court. Even if Tenet's motion to compel were otherwise ripe, however, its subpoena should be quashed because the HHS Touhy regulations are valid and enforceable as applied to former agency employees.

## I.    TENET FAILED TO EXHAUST ITS ADMINISTRATIVE REMEDIES

Under the Administrative Procedure Act, litigants who wish to challenge an agency's Touhy regulations are required to submit a request for information to the agency, see if that request is denied, and then file an appeal. The appeal can challenge the validity of the regulation, the agency's application of the regulation to the specific facts at issue, or both. Tenet's motion to compel improperly seeks to evade this exhaustion requirement. *See* In re S.E.C. ex rel. Glotzer, 374 F.3d 184, 188-89, 192 (2d Cir. 2004) (when defendant had failed to exhaust administrative remedies, appellate court grants mandamus writ to vacate district court order compelling SEC

employees to give testimony); In re Boeh, 25 F.3d 761, 764 (9th Cir. 1994), *cert. denied* 513 U.S.

1109 (1995) ("plaintiffs selected an improper method of attempting to compel Boeh's

testimony."); Truex v. Allstate Ins. Co., 2006 WL 241228, *4 (D.D.C. Jan. 26, 2006) (court

grants motion to quash deposition subpoena for FEMA employee for failure to exhaust

administrative remedies); Golden Pacific Bancorp v. FDIC, Case No. CIV A 99-3799(JCL), 1999

WL 1332312 (D.N.J. 1999).

      On their face, the HHS regulations apply to Tenet's subpoena. Tenet has not challenged

the procedure through which the regulations were promulgated. Under these circumstances,

Tenet was required to follow the regulation and exhaust its administrative remedies before

bringing the issue to this Court.

      By requiring litigants seeking Government information to exhaust their administrative

remedies in accordance with the Administrative Procedure Act, Touhy regulations give the

Government the opportunity to moot any controversy by changing its policies or by granting the

requests for information. Even if a request is denied, the process of exhausting administrative

remedies creates a more complete record for the district court to evaluate. This is true regardless

of whether the testimony being sought is from a current or former Government employee. As the

court stated in Golden Pacific Bancorp:

> The exhaustion doctrine serves the salutary interests of judicial economy, by
> offering an agency the opportunity to correct errors, moot a controversy, or
> develop an administrative record, and separation of powers, by assuring that
> courts do not unduly intrude into the operations of executive branch
> administrative agencies.

Golden Pacific Bancorp v. FDIC, 1999 WL 1332312 at *2; *also* DRG Funding Corp. V.

Secretary of Housing and Urban Development, 76 F.3d 1212, 1214 (D.C. Cir. 1996), *rehearing*

*denied* 83 F.3d 1482 (1996) (APA exhaustion requirement "allows the agency an opportunity to

apply its expertise and correct its mistakes, it avoids disrupting the agency's processes, and it relieves the courts from having to engage in 'piecemeal review which is at the least inefficient and upon completion of the agency process might prove to have been unnecessary.'") (citations omitted).

Here, by failing to exhaust its administrative remedies, Tenet has deprived the Government of an opportunity to moot or narrow the controversy before this Court, and it has prevented the Government from developing a factual record concerning the extent to which Tenet is seeking information that is privileged or protected. The Government respectfully submits that Tenet's motion to compel should be denied as premature due to Tenet's failure to exhaust its administrative remedies.

II.    THE HHS TOUHY REGULATIONS ARE VALID AND REASONABLE
       AS APPLIED TO REQUESTS FOR POTENTIALLY PROTECTED
       INFORMATION FROM FORMER GOVERNMENT EMPLOYEES IN
       CASES IN WHICH THE UNITED STATES IS NOT A PARTY

Even if this Court were to hold that filing a motion to compel was an acceptable way for Tenet to challenge the HHS Touhy regulations, Tenet's motion should still be denied because Tenet's argument that Touhy regulations should not be allowed to extend to former Government employees is contrary to the fundamental purpose of Touhy regulations and its underlying statute, and is unsupported by the case law.

The fundamental purpose of Touhy regulations is to allow federal agencies to exercise some control, subject to judicial review, of the disclosure of their privileged and protected information in cases in which it is not a party. This is perfectly consistent with the statute underlying the Touhy regulations, 5 U.S.C. § 301. Unauthorized disclosures of privileged and protected information can occur in many ways – through documents or testimony, through current employees or former employees. The Government's interest in regulating the disclosure

of this information does not hinge on whether it is disclosed by a current or a former employee, or whether the disclosure is nominally made in a deponent's "individual capacity." *See* Banks v. Office of the Senate Sergeant-At-Arms, 222 F.R.D. 1, 4, n.1 (D.D.C. 2004). That is why many federal agencies have Touhy regulations that expressly apply to former employees.[4]

There have been several cases in which Touhy regulations have been applied to former agency employees.[5] The Golden Pacific Bancorp case is particularly instructive because the court in that case specifically rejected the plaintiff's argument that an agency's Touhy regulations should not apply to former agency employees. Among other things, the court recognized the agency's interest in protecting non-public information obtained by former employees in the course of their employment. Golden Pacific Bancorp, 1999 WL 1332312 at *4.

By contrast, Tenet's brief does not identify a single case in which a litigant in a case in which the United States was not a party was allowed to depose a former Government employee without complying with the applicable Touhy regulations. Virtually all of the cases cited in Tenet's brief involved litigation in which the Government was a party. These cases are distinguishable because they generally rely at least in part on the principle that "When the government is named as a party to an action, it is placed in the same position as a private litigant, and the rules of discovery in the Federal Rules of Civil Procedure apply." Exxon Shipping Co.

---

[4] *See e.g.* 28 C.F.R. §§ 16.21(a), 16.22(a), 16.28 (Department of Justice); 32 C.F.R. § 97.3(b) (Department of Defense); 22 C.F.R. Part 72, § 172.5 (Department of State); 32 C.F.R. Part 1905 (Central Intelligence Agency); 12 C.F.R. § 4.32(b)(v) (Office of the Comptroller of Currency); 10 C.F.R. § 202.22 (Department of Energy); 49 C.F.R. § 9.3 (Department of Transportation); 5 C.F.R. § 2502.31 (Executive Office of the President, Office of Administration).

[5] *See* United States v. Bizzard, 674 F.2d 1382, 1387 (11th Cir. 1982), *cert. denied* 459 U.S. 973 (1982); Virtual Defense and Development Intern., Inc. v. Republic of Moldova, 133 F. Supp.2d 9, 21-22 (D.D.C. 2001); Golden Pacific Bancorp v. FDIC, Case No. CIV A 99-3799(JCL), 1999 WL 1332312 (D.N.J. 1999).

9

V. U.S. Dept. Of Interior, 34 F.3d 774, 776, n. 4 (9th Cir. 1994). That principle does not apply here, since the United States is not a party to the Florida litigation. Moreover, the principle will never apply to the HHS Touhy regulations, which state expressly that they do not apply to any legal proceedings in which the United States or any of its agencies are a party. 4 C.F.R. § 2.1(d)(1).

Tenet's suggestion that the Government is trying to avoid judicial review of its agencies' assertions of privilege (Tenet Brief, pp. 7, 9) is untrue. As noted above, agency denials of Touhy requests are subject to judicial review under the Administrative Procedure Act. See Ho, 374 F. Supp.2d at 83; Bobreski, 284 F. Supp.2d at 73-74.

Tenet's brief also suggests that the issue in this case is whether the HHS Touhy regulations create a "substantive evidentiary privilege" or trump the Federal Rules of Civil Procedure. Tenet brief, pp. 2, 6, 7, 9-10. These are straw men. In reality, all the Government is asking here is that Tenet follow well-established procedures that allow the Government to determine whether the information being sought is in fact privileged or protected from disclosure. It should also be noted that these arguments have nothing to do with the question of whether the intended deponent is a current or former Government employee.

The real issue in this case is whether the Government can establish a procedure that allows it to respond to requests for potentially privileged or protected information in a fair and orderly way, subject to judicial review. Tenet's brief concedes that Touhy regulations are proper insofar as they (1) reasonably relegate to an agency head the decision of whether to assert a privilege and (2) allow the agency to "disseminate information in an orderly manner." Tenet brief, p. 7. By refusing to notify the Government before obtaining Mr. Scully's affidavit and taking his deposition, however, Tenet has attempted to prevent the Government from

accomplishing either of these goals.

While Tenet's failure to comply with its Touhy obligations makes it impossible to fully evaluate whether it intends to seek privileged information from Mr. Scully or not, the facts that are known perfectly illustrate the propriety of, and the need for, Touhy regulations that regulate requests for the disclosure of privileged or protected Government information in cases in which the United States is not a party.

First of all, the affidavit that Tenet submitted in the Florida case was based largely on facts that Mr. Scully learned in the course of his official duties at HHS. HHS may well determine that these statements implicate privileged matters that Mr. Scully is not authorized to disclose. For example, it is not clear how Mr. Scully could support his statements regarding CMS' understanding of the proper legal interpretation of its regulations during the time he was at CMS without implicating attorney-client and attorney work product privilege, since Mr. Scully was involved in discussions with Government attorneys about this very topic.[6] Similarly, Mr. Scully's testimony regarding discussions within the Government on how to respond to revelations concerning Tenet's turbocharging practices could well implicate deliberative process privilege.

Tenet's assurances to this Court that it is not seeking to depose Mr. Scully about privileged information (Tenet brief, p. 11) should be viewed with skepticism, since the topics that it now says it wishes to depose Mr. Scully about do not match the topics that were actually discussed in the affidavit that Tenet submitted to the Florida court. Also, Tenet's blanket statement that "HHS has no authority to instruct Scully to withhold testimony, and there is no

---

[6] Evaluating the application of attorney-client and work product privileges is complicated by the fact that many senior HHS attorneys who were involved with this matter no longer work for HHS. In fact, one is now Tenet's General Counsel.

evidentiary privilege on which Scully can, in turn, rely" (Tenet Brief, p. 2) suggests that Tenet does not recognize any limitation at all on its ability to explore privileged topics at Mr. Scully's deposition. The reality is that it is impossible for the Government or this Court to fully evaluate at this time whether the information that Tenet is seeking is privileged or not, precisely because Tenet has refused to commit itself to topics of inquiry in accordance with the HHS Touhy regulations.

Second, the fact that Tenet obtained the Scully affidavit without any notice to the Government and then did not bother to serve the Government with its deposition subpoena or even notify Government counsel of the proposed deposition date highlights the risk that if litigants in cases in which the United States is not a party were not required to follow the procedures set forth in agency Touhy regulations, agencies could easily be denied a meaningful opportunity to object to the release of privileged and protected information.

If the Government does not learn about efforts to obtain its privileged or protected information until after the information has been released in the form of a sworn affidavit or deposition testimony, it may well be too late for the Government to protect its confidential information. Even if the Government is represented at a deposition, the unexpected solicitation of privileged, protected, or even classified information from a Government employee can put the Government attorney (who may not know if information is privileged or classified and may not have personal authority to assert certain executive privileges) in an untenable position.

The only way to prevent such situations is to require people seeking potentially protected information from current or former Government employees to give the Government advance notice of the information it is seeking, so the Government can decide whether and how to assert its proper privileges. In short, it requires Touhy regulations like the ones the Government is

seeking to enforce here.

## CONCLUSION

For the reasons set forth above, the United States respectfully asks this Court to deny

Tenet's motion to compel the deposition of Thomas A. Scully, and to grant the Government's

cross-motion to quash that deposition.

DATED: February 28, 2006                     Respectfully submitted,

                                             PETER D. KEISLER
                                             Assistant Attorney General

                                             KENNETH L. WAINSTEIN
                                             United States Attorney

                                             KEITH V. MORGAN
                                             Assistant United States Attorney

                                             MICHAEL F. HERTZ
                                             MICHAEL GRANSTON
                                             DANIEL SPIRO


                              By:_____
                                             DAVID T. COHEN (Bar No. 418962)
                                             U.S. Department of Justice
                                             P.O. Box 261
                                             Ben Franklin Station
                                             Washington, D.C. 20044
                                             Telephone: (202) 307-0136
                                             Facsimile: (202) 307-3852
                                             E-mail: david.t.cohen@usdoj.gov


                                             Attorneys for United States of America

<u>CERTIFICATION OF SERVICE</u>

This is to certify that true and correct copies of the United States' Motion to Quash Subpoena of Thomas A. Scully were served by first class mail, this 28th day of February, 2006, on the following counsel:

Jay P. Lefkowitz, Esq.
Karen N. Walker, Esq.
Susan E. Engel, Esq.
Kirkland & Ellis
655 Fifteenth Street, NW
Washington, DC 20005

Counsel for Tenet Healthcare Corp.

David H. Thompson, Esq.
Cooper & Kirk
555 Eleventh Street, NW
Suite 750
Washington, DC 20004

Counsel for Thomas A. Scully

DAVID T. COHEN

UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| In the Matter of a Subpoena Issued to<br>Thomas A. Scully<br><br>_____<br><br>BOCA RATON COMMUNITY HOSPITAL,<br>INC., a Florida not-for-profit corporation d/b/a<br>BOCA RATON COMMUNITY HOSPITAL,<br>on behalf of itself, and on behalf of a Class of<br>all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>TENET HEALTHCARE CORPORATION<br><br>Defendant.<br>_____ | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

Misc. No. 06-0077 (GK) _____

United States District Court
Southern District of Florida
Civil No. 05-80183
Hon. Patricia A. Seitz
(related case)

**ORDER**

Having considered (1) Tenet Healthcare Corporation's Motion to Compel Deposition of Thomas A. Scully, (2) the United States' Motion to Quash Subpoena of Thomas A. Scully, and (3) the briefs submitted by the parties, it is hereby ORDERED that Tenet Healthcare Corporation's Motion to Compel is DENIED, and that the subpoena issued to Mr. Scully on February 3, 2006, is hereby QUASHED.

_____
United States District Judge