## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| In the Matter of a Subpoena Issued to<br>Thomas A. Scully,<br>601 Pennsylvania Avenue, N.W.<br>North Building, 10th Floor<br>Washington, D.C. 20004 | Misc. No. 06-MC-00077-GK |
| BOCA RATON COMMUNITY HOSPITAL, INC.,<br>a Florida not-for-profit corporation d/b/a/ BOCA<br>RATON COMMUNITY HOSPITAL, on behalf<br>of itself, and on behalf of a Class of all others<br>similarly situated,<br><br>    Plaintiffs,<br><br>      v.<br><br>TENET HEALTHCARE CORPORATION,<br><br>    Defendant. | United States District Court for the<br>Southern District of Florida,<br>Civil No. 05-80183<br>Hon. Patricia A. Seitz<br>(related case) |

## MEMORANDUM IN OPPOSITION TO TENET
## HEALTHCARE CORPORATION'S MOTION TO COMPEL

On February 3, 2006, Tenet Healthcare Corporation ("Tenet") issued a subpoena *ad testificandum* from this Court for the testimony of Thomas A. Scully, in connection with an action pending in the United States District Court for the Southern District of Florida. Tenet now asks this Court to enforce that subpoena in contravention of regulations promulgated by the United States Department of Health & Human Services ("DHHS"). Tenet's Memorandum in Support of Motion to Compel Deposition of Thomas A. Scully ("Tenet's Mem.") at 11. Because this Circuit's case law requires Tenet to exhaust its administrative remedies and proceed under the Administrative Procedures Act ("APA"), and Tenet has not done so, Mr. Scully respectfully requests that the Court deny Tenet's Motion to Compel as premature.

## RECEIVED

MAR 6 - 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

## BACKGROUND

Mr. Scully was the former Administrator of the Centers for Medicare & Medicaid

Services ("CMS"), an agency within DHHS. DHHS, like many other federal departments, has

enacted what are known as *Touhy* regulations.[1]  45 C.F.R. pt. 2 (2006). These regulations are

derived from the federal "housekeeping" statute, which provides, in relevant part, that "The head

of an Executive department . . . may prescribe regulations for the government of his department,

the conduct of its employees . . . and the custody, use, and preservation of its records, papers, and

property." 5 U.S.C. § 301 (2006).

The *Touhy* regulations at issue in this case, which apply to any legal proceeding to which

the United States is not a party, state:

> No employee or former employee of the DHHS may provide testimony or
> produce documents in any proceedings to which this part applies concerning
> information acquired in the course of performing official duties or because of the
> person's official relationship with the Department unless authorized by the
> Agency head pursuant to this part based on a determination by the Agency head,
> after consultation with the Office of the General Counsel, that compliance with
> the request would promote the objectives of the Department.

45 C.F.R. § 2.3 (2006). The regulations further specify the way by which a party to litigation

may obtain the testimony of former DHHS employees:

> All requests for testimony by an employee or former employee of the DHHS in
> his or her official capacity . . . must be addressed to the Agency head in writing
> and must state the nature of the requested testimony, why the information sought
> is unavailable by any other means, and the reasons why the testimony would be in
> the interest of the DHHS or the federal government.

*Id.* at § 2.4(a). Most importantly for Mr. Scully, the regulations also state:

> If the Agency head denies approval to comply with a subpoena for testimony, or
> if the Agency head has not acted by the return date, the employee will be directed

---

[1]  These regulations are named for the Supreme Court case that validated the federal govern-
ment's power to create "housekeeping" rules. *United States ex rel. Touhy v. Ragen*, 340 U.S.
462, 468 (1951).

to appear at the stated time and place . . . produce a copy of these regulations, and respectfully decline to testify . . . on the basis of these regulations."

*Id.* at § 2.4(b).

Mr. Scully finds himself in a difficult position: he could have complied with the subpoena in contravention of DHHS's *Touhy* regulations or face this Motion to Compel. In light of DHHS's *Touhy* regulations and this Circuit's case law, Mr. Scully was required to pursue the latter option, and Tenet is now required to exhaust its administrative remedies and proceed under the APA. Based on DHHS's *Touhy* regulations and in good faith reliance on this Circuit's case law, *Houston Business Journal v. Office of the Comptroller of the Currency*, 86 F.3d 1208, 1212 & n.4 (D.C. Cir. 1996), Mr. Scully has respectfully declined to comply with the subpoena unless DHHS consents or the Court orders otherwise. Finally, in light of Mr. Scully's good faith basis for refusing to testify unless DHHS consents or he is ordered to by this Court, we would respectfully urge that there is no basis to hold Mr. Scully in contempt, and Tenet, of course, has not sought such a sanction. *Cf.* FED. R. CIV. P. 45(e) (recipient of subpoena may be held in contempt for failing to obey a subpoena "without adequate excuse"); *United States ex rel. Touhy v. Ragen*, 340 U.S. 462, 467-68 (1951) (federal employee could not be held in contempt for refusing to comply with subpoena *duces tecum* where employee's superior prohibited him from doing so pursuant to an agency regulation issued under predecessor to 5 U.S.C. § 301); *In re Boeh*, 25 F.3d 761, 763-67 (9th Cir. 1994) (federal employee could not be held in contempt for refusing to testify based on valid *Touhy* regulations).

## ARGUMENT

### I.  Under This Circuit's Case Law, Tenet Must Exhaust Its Administrative Remedies And Proceed Under The APA.

The issue here is quite simple. In order to obtain Mr. Scully's testimony concerning information he acquired either (1) in the course of performing his official duties as CMS

Administrator, or (2) because of his official relationship with DHHS, 45 C.F.R. § 2.3, Tenet must

comply with DHHS's *Touhy* regulations, and may file suit under the APA only after it exhausts

its administrative remedies. *Houston Bus. Journal*, 86 F.3d at 1212 n.4.

In *Houston Business Journal*, the D.C. Circuit set forth the proper path for obtaining

testimony from persons covered by *Touhy* regulations. If a federal agency has enacted valid

*Touhy* regulations, a federal-court litigant may not obtain a subpoena *ad testificandum* "against

an employee of [the] federal agency," but the "litigant must proceed under the APA, and the

federal court will review the agency's decision not to permit its employee to testify under an

'arbitrary and capricious' standard." *Id.* (citations omitted). In contrast, a federal-court litigant

"can seek to obtain the production of documents from a federal agency by means of a federal

subpoena." *Id.* at 1212.

This Court has consistently relied on *Houston Business Journal* in quashing subpoenas

issued for the testimony of federal employees, where the issuing party failed to comply with

applicable *Touhy* regulations and proceed under the APA. In *Lerner v. District of Columbia*, for

example, DOJ denied plaintiff's request for the testimony of two employees. No. 00-1590 (GK),

2005 U.S. Dist. LEXIS 10154, at *3-4 (D.D.C. Jan. 7, 2005). The plaintiff then issued

subpoenas for the two employees' depositions, but this Court quashed the subpoenas because

plaintiff's "'sole remedy . . . is to file a collateral action in federal court under the APA' . . . .

challenging the [DOJ's] . . . refusal to authorize the testimony." *Id.* at *3-4, 9 (quoting *Houston

Bus. Journal*, 86 F.3d at 1212). Likewise, in *Ho v. United States*, this Court relied on *Houston

Business Journal* in quashing a subpoena *ad testificandum* issued for the deposition of an

employee of the United States Department of Homeland Security. 374 F. Supp. 2d 82, 83-84

(D.D.C. 2005); *see also Truex v. Allstate Ins. Co.*, No. 05-00439 (ESH/JMF), 2006 U.S. Dist.

LEXIS 424, at *9-11 (D.D.C. Jan. 10, 2006) (Facciola, Mag. J.) (quashing subpoena *ad testificandum* issued on FEMA for the deposition of FEMA personnel).

In addition, this Court has rejected the argument that a subsequent D.C. Circuit case, *Linder v. Calero-Portocarrero*, 251 F.3d 178 (D.C. Cir. 2001) (cited in Tenet's Mem. at 9-10), overruled *Houston Business Journal sub silentio*. *Ho*, 374 F. Supp. 2d 83-84. In *Linder*, the D.C. Circuit held that the Government could not rely on sovereign immunity to avoid compliance with third-party subpoenas. 251 F.3d at 181-82. In doing so, the D.C. Circuit noted that "[w]ith respect to Rule 45, we have consistently proceeded under the ordinary standard of review to determine whether a district court properly considered the motion to compel production – inquiring whether the district court abused its discretion in denying or compelling discovery." *Id.* at 181 (citing *Schreiber v. Soc'y for Sav. Bancorp, Inc.*, 11 F.3d 217, 220 (D.C. Cir. 1993); *In re Subpoena*, 967 F.2d 630, 633 (D.C. Cir. 1992)). *Linder*, however, involved subpoenas *duces tecum* served on various federal agencies, and it did not address – nor even mention – *Touhy* regulations. Moreover, to the extent that *Linder* stands for the proposition that proceeding under the APA is unnecessary with respect to subpoenas *duces tecum* served on federal agencies, it is consistent with *Houston Business Journal*'s distinction between subpoenas *duces tecum* and subpoenas *ad testificandum*. *Ho*, 374 F. Supp. 2d at 83-84; *see also Truex*, 2006 U.S. Dist. LEXIS 424, at *8-11 & n.3 (noting the different treatment under *Houston Business Journal* and *Linder* to subpoenas *duces tecum*). It is no surprise, therefore, that this Court has applied *Houston Business Journal* to subpoenas *ad testificandum* after *Linder*. *See Truex*, 2006 U.S. Dist. LEXIS 424, at *8-11 & n.3; *Lerner*, 2005 U.S. Dist. LEXIS 10154, at *9; *see also Brobreski v. EPA*, 284 F. Supp. 2d 67, 73-74 (D.D.C. 2003) (applying *Houston Business Journal* after *Linder* to an agency's *Touhy*-based denial of a request for testimony).

Tenet does not dispute that DHHS's *Touhy* regulations, on their face, apply to the

subpoena *ad testificandum* Tenet issued for Mr. Scully's deposition. Indeed, there can be no

question that the testimony Tenet seeks implicates information Mr. Scully acquired in the course

of performing his official duties as CMS Administrator, or because of his official relationship

with DHHS. Tenet must therefore follow the path set forth in *Houston Business Journal* and

consistently followed in this Court, which requires Tenet to exhaust its administrative remedies

and proceed under the APA. Thus, this Court should deny Tenet's Motion to Compel as

premature.

## II.    DHHS's *Touhy* Regulations Are Valid As Applied To Former Employees.

Tenet argues, however, that DHHS's *Touhy* regulations are invalid as applied to former

employees, and therefore Mr. Scully should be compelled to testify in contravention of those

regulations. First, Tenet argues that the regulations are invalid as applied to former employees

because they purport to create an improper evidentiary privilege to withhold testimony from a

federal court. *See, e.g.*, Tenet's Mem. at 5-8. Second, Tenet argues that the regulations are

invalid as applied to former employees because the federal housekeeping statute does not allow

Executive departments to govern the conduct of former employees. *See, e.g.*, Tenet's Mem. at 8-

11. Neither argument warrants granting the Motion to Compel.

### A.    DHHS's *Touhy* Regulations As Applied To Former Employees Do Not Create A Substantive Evidentiary Privilege.

It is true that the federal housekeeping statute does not authorize regulations that create a

substantive evidentiary privilege based on the statute. 5 U.S.C. § 301 ("This section does not

authorize withholding information from the public or limiting the availability of records to the

public."); *see also Exxon Shipping Co. v. United States Dep't of Interior*, 34 F.3d 774, 780

(9th Cir. 1994) ("Section 301 does not create an independent privilege to withhold government

6

information or shield federal employees from valid subpoenas."). But DHHS's *Touhy*

regulations do not act as a "veto over subpoenas to non-employee third parties." Tenet's Mem.

at 8. To the contrary, the regulations simply require notice and consent subject to judicial review

under the APA, and do not act as an absolute privilege from disclosure. Moreover, there is no

evidence that the Government is attempting to rely on its regulations as an absolute privilege

from disclosure. *See* United States' Cross-Motion to Quash Subpoena of Thomas A. Scully

("Gov't's Mem.") at 10. Because DHHS's *Touhy* regulations do not create a substantive

evidentiary privilege, and neither Mr. Scully nor the Government argues that it does, this Court

may easily dispense with Tenet's first argument.

Furthermore, Tenet's argument cannot logically depend on the distinction between

former and current employees because the statute expressly prohibits any reliance on it as a basis

for a substantive evidentiary privilege. 5 U.S.C. § 301. This express statutory prohibition would

obviously apply to regulations governing current employees. As discussed above, however, the

D.C. Circuit and this Court have consistently upheld the requirement that a party seeking

testimony from nonparty federal employees must comply with applicable *Touhy* regulations and

proceed under the APA, and have never held that *Touhy* regulations are invalid as such for

creating a substantive evidentiary privilege. *See, e.g., Houston Bus. Journal*, 86 F.3d at 1212 &

n.4; *Ho*, 374 F. Supp. 2d at 83-84.

### B.    DHHS's *Touhy* Regulations As Applied To Former Employees Are Valid Under The Federal Housekeeping Statute.

The federal housekeeping statute does not require a distinction between former

employees, with official information, and current employees, and the Court should not make

such a distinction either.[2]  Importantly, at least one decision in this Court has recognized the

applicability of *Touhy* regulations to former employees. *Owens v. Republic of Sudan*,

374 F. Supp. 2d 1, 28-29 (D.D.C. 2005).  In *Owens*, the Court denied as premature plaintiffs'

motion for leave to take the depositions of two former federal employees because plaintiffs'

failed to comply with the applicable *Touhy* regulations, noting that the "plaintiffs have failed to

come forward with any information suggesting that they have even attempted to comply with the

[applicable *Touhy*] regulations, which in the first instance require nothing more than a simple

request to the relevant government agency." *Id.* at 28 (citations omitted).  Notably, the Court did

not draw a distinction between former and current employees in applying the applicable *Touhy*

regulations.

Likewise, other courts have applied *Touhy* regulations to former employees. *See United*

*States v. Bizzard*, 674 F.2d 1382, 1387 (11th Cir. 1982) (affirming district court's decision to

quash subpoena for testimony of former federal employee where criminal defendant failed to

comply with applicable *Touhy* regulations); *Golden Pac. Bancorp v. FDIC*, No. 99-3799 (JCL),

1999 U.S. Dist. LEXIS 20303, at *11-12 (D.N.J. Nov. 9, 1999) (requiring party to comply with

applicable *Touhy* regulations in seeking the testimony of former federal employee).[3]

---

[2]  It can hardly be disputed that the Government would have the same interest concerning an of-
ficial document whether it was in the possession of a former or current employee.  Likewise, the
Government would have the same interest in *unwritten* official information whether it was in the
possession of a former or current employee.

[3]  *Virtual Dev. & Defense, Int'l v. Republic of Moldova*, 133 F. Supp. 2d 9, 20-22 (D.D.C. 2001),
is not to the contrary.  In that case, the plaintiff served a non-party subpoena on a former Ambas-
sador, and also made a request to the State Department pursuant to its *Touhy* regulations.  In re-
sponse to plaintiff's *Touhy* request, the State Department authorized the former Ambassador to
be deposed, but only on the three areas identified in plaintiffs' *Touhy* request.  After the deposi-
tion, the plaintiff moved to compel further testimony asserting that the Ambassador did not an-
swer certain questions that fell within the scope of his authorized testimony. *Id.* at 21.  In deny-
ing plaintiff's motion for reconsideration of the Magistrate's order, the Court held that the

Tenet makes much of the fact that the subpoena it issued was for Mr. Scully's testimony in his individual – as opposed to official – capacity. *See, e.g.*, Tenet's Mem. at 1, 5, 10; *see also* Tenet's Mem. at 10 (asserting that DHHS's *Touhy* regulations "require[s] pre-clearance of subpoenas for every former employee."). This distinction is irrelevant to the issue here, because it is the nature of the testimony that implicates DHHS's *Touhy* regulations. DHHS's *Touhy* regulations apply only to requests for testimony "concerning information [1] acquired in the course of performing official duties or [2] because of the person's official relationship with the Department." 45 C.F.R. § 2.3. This limitation makes sense because the Government's asserted interest relates to the nature of the information being released and not to the nature of the subpoena's recipient. *See, e.g.*, Gov't's Mem. at 10-12. Indeed, the federal housekeeping statute states, "The head of an Executive department . . . may prescribe regulations for the government of his department, the conduct of its employees . . . and the custody, use, and preservation of its records, papers, and property," 5 U.S.C. § 301, the clear import of which is that an Executive department can issue regulations governing the release of its information.

*Cavanaugh v. Saul*, No. 03-0111 GK/DAR, 2005 U.S. Dist. LEXIS 38880 (D.D.C. Dec. 23, 2005) (Robinson, Mag. J.), relied on by Tenet, is not to the contrary. Tenet's Mem. at 10.

---

plaintiff had been able to take testimony on the three areas identified in its *Touhy* request. *Id.* at 22. The Court, therefore, did not address the applicability of *Touhy* regulations to former employees. In the Magistrate's opinion, however, Magistrate Judge Kay noted that the former Ambassador argued that the plaintiff could not move to compel his testimony because he was acting pursuant to the State Department's instructions regarding the permissible scope of his testimony, and that the plaintiff needed to proceed against the State Department under the APA if it wanted to challenge those instructions. *Virtual Defense & Dev. Int'l. v. Republic of Moldova*, No. 98-161 (RMU)(AK), 2000 U.S. Dist. LEXIS 15623, at *8-9 (D.D.C. Oct. 23, 2000) (Kay, Mag. J.). Magistrate Judge Kay noted that this argument "implicates serious questions of separation of powers, of statutory interpretation, and of the outer limits of agency discretion," but declined to address them because the matter could be decided on narrower grounds. *Id.* at *9. Notably, Magistrate Judge Kay did not refer to any distinction between the application of *Touhy* regulations to former and current employees.

*Cavanaugh* did not involve (nor did it even mention) *Touhy* regulations. Moreover, in that case,

plaintiffs subpoenaed Matthew Schlapp, a former employee in the Executive Office of the

President, to give testimony in his individual capacity regarding information he acquired while

employed with the federal government. 2005 U.S. Dist. LEXIS 38880, at * 3-4. Although

Mr. Schlapp retained private counsel, the United States Attorney sought to appear at his

deposition to protect the alleged interests of the United States, based on 28 U.S.C. §§ 516, 517,

and 547. *Id.* at *5-10.[4] Magistrate Judge Robinson found that these statutory sections "limit the

Department of Justice . . . to representation of the United States when the United States is a

party; an agency [or] officer of the United States is a party; or the United States is concerned or

interested in the litigation." *Id.* at *18-19. Magistrate Judge Robinson then held:

> [N]one of the aforementioned provisions authorize the United States Attorney to
> enter his appearance "as counsel for Matthew Schlapp, in his official capacity as a
> former employee of the United States," where Mr. Schlapp (1) was subpoenaed to
> testify at a deposition as a nonparty witness in his individual capacity; (2) is
> represented by retained counsel; and (3) has not asked that the Department of
> Justice represent him.

*Id.* at * 19. Accordingly, Magistrate Judge Robinson granted plaintiffs' motion for a protective

order preventing the United States Attorney's participation in Mr. Schlapp's deposition. *Id.* at

*5-6, 25. To protect the United States' interests, however, Magistrate Judge Robinson held that

Mr. Schlapp may decline to answer questions on grounds of privilege, and the propriety of such

objections may be reviewed thereafter. *Id.* at *24.

   *Cavanaugh*, therefore, was concerned only with whether the Government had a sufficient

interest to appear at a former federal employee's deposition, and the distinction between

---

[4] *Cavanaugh v. Saul*, No. 03-111, is currently pending before the same Judge of this Court be-
fore which this matter is pending. From a review of the docket sheet, it appears that no party
moved for reconsideration of Magistrate Judge Robinson's opinion cited above. There appears
to be an ongoing dispute, however, as to whether the Government is a party to the litigation.

individual and official capacity makes eminent sense when used in that analysis. As Magistrate

Judge Robinson in *Cavanaugh* made clear, however, if the Court did not make that distinction:

> [T]hen in every instance in which a former federal official was subject to a Rule
> 45 subpoena to provide testimony at a deposition, the [Government] could enter
> an appearance on behalf of the official, even if the official did not request
> representation by the Department of Justice. Such process would be wholly
> inconsistent with the intent of Congress expressed through *Sections 516, 517* and
> *547* of Title 28.

*Id.* at *24 (emphases added). On the other hand, the distinction between individual and official

capacity makes little sense as the sole factor in determining whether a party must give notice and

obtain consent, subject to judicial review under the APA, to an agency whose official

information will be disclosed at a deposition. It is the disclosure of Government information, not

the level of Government interest, which implicates *Touhy* regulations.

The other cases on which Tenet relies are distinguishable because the Government was

either a party to the underlying litigation, *Exxon Shipping Co.*, 34 F.3d 774; *Alexander v. FBI*,

186 F.R.D. 66 (D.D.C. 1998), or the documents covered by the *Touhy* regulations were in the

possession of a party to the underlying litigation, *In re Bankers Trust Company*, 61 F.3d 465, 470

(6th Cir. 1995). In *Alexander*, this Court noted that when the Government is a party to litigation,

*Touhy* regulations are inapplicable. 186 F.R.D. at 69-70. In *Bankers Trust*, the Sixth Circuit

refused to issue a writ of mandamus to vacate the portion of a discovery order directing the

defendant to produce to the plaintiff certain documents that constituted "'confidential

supervisory information'" subject to the Federal Reserve System's *Touhy* regulations, but which

were in the defendant's actual possession. 61 F.3d at 469-71. While *Bankers Trust* did not

involve a third-party subpoena, to the extent it stands for the proposition that a party may enforce

a third-party subpoena *ad testificandum* against a person covered by valid *Touhy* regulations

without proceeding under the APA, it is inconsistent with the law of this Circuit as stated in

*Houston Business Journal* and as consistently followed in this Court. *See also Truex*, 2006 U.S. Dist. LEXIS 424, at \*8 (noting that an "extension of *Exxon Shipping*'s holding to non-party government subpoenas would be contrary to the precedent of the District of Columbia Circuit").

Because there is no basis to distinguish between former and current federal employees in applying *Touhy* regulations, and there is no dispute that DHHS's *Touhy* regulations, on their face, apply to Tenet's subpoena, Tenet must follow the path set forth in *Houston Business Journal* and consistently followed in this Court. Tenet must exhaust its administrative remedies and proceed under the APA.

## CONCLUSION

Confronted with facially valid *Touhy* regulations, an instruction from the applicable agency not to testify, and this Circuit's case law, Mr. Scully was required to and respectfully declined to comply with Tenet's subpoena. Now, Tenet asks this Court to enforce that subpoena. Because *Houston Business Journal* and its progeny require Tenet to exhaust its administrative procedures and proceed under the APA, however, this Court should deny Tenet's Motion to Compel as premature.

Dated: March 6, 2006

Respectfully Submitted,

David H. Thompson /By /s/

David H. Thompson (D.C. Bar No. 450503)
Nicholas A. Oldham (D.C. Bar No. 484113)
COOPER & KIRK, PLLC
555 Eleventh Street, N.W.
Suite 750
Washington, DC 20004
(202) 220-9600

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

In the Matter of a Subpoena Issued to )
Thomas A. Scully, )                          Misc. No. 06-MC-00077-GK
_____ )
BOCA RATON COMMUNITY HOSPITAL, INC., )
a Florida not-for-profit corporation d/b/a/ BOCA )
RATON COMMUNITY HOSPITAL, on behalf )
of itself, and on behalf of a Class of all others )
similarly situated, )                        United States District Court for the
)                                            Southern District of Florida,
Plaintiffs, )                                Civil No. 05-80183
)                                            Hon. Patricia A. Seitz
v. )                                         (related case)
)
TENET HEALTHCARE CORPORATION, )
)
Defendant. )
_____ )

## [PROPOSED] ORDER

Upon consideration of (1) Tenet Healthcare Corporation's Motion to Compel Deposition of Thomas A. Scully, (2) the United States' Motion to Quash Subpoena of Thomas A. Scully, (3) Thomas A. Scully's Memorandum in Opposition to Tenet Healthcare Corporation's Motion to Compel, and (4) the briefs submitted by the parties, and having concluded that good grounds exist for the requested relief:

IT IS HEREBY ORDERED that Tenet Healthcare Corporation's Motion to Compel Deposition of Thomas A. Scully is DENIED.

FOR THE COURT

_____        _____
Date

CC:

Jay P. Lefkowitz
Karen N. Walker
Susan E. Engel
John C. O'Quinn
KIRKLAND & ELLIS LLP
655 15th Street, N.W.
Suite 1200
Washington, D.C. 20005

*Counsel for Tenet Healthcare Corp.*


David T. Cohen
United States Department of Justice
P.O. Box 261
Ben Franklin Station
Washington, D.C. 20044

*Counsel for United States of America*


David H. Thompson
Nicolas A. Oldham
Cooper & Kirk, PLLC
555 Eleventh Street, N.W.
Suite 750
Washington, D.C. 20004

*Counsel for Thomas A. Scully*

## CERTIFICATE OF SERVICE

I hereby certify that on this 6th day of March, 2006, a true and correct copy of Thomas A.

Scully's Memorandum in Opposition to Tenet Healthcare Corporation's Motion to Compel and

Proposed Order were served upon the following counsel:

<u>By hand delivery:</u>

Jay P. Lefkowitz
Karen N. Walker
Susan E. Engel
John C. O'Quinn
KIRKLAND & ELLIS LLP
655 15th Street, N.W.
Suite 1200
Washington, D.C. 20005

*Counsel for Tenet Healthcare Corp.*

David T. Cohen
United States Department of Justice
601 D Street, N.W.
Room 9026
Washington, D.C. 20004

*Counsel for United States of America*

<u>And by first class mail, postage prepaid:</u>

Hilarie Bass
David Coulson
GREENBERG TRAURIG, LLP
1221 Brickell Avenue
Miami, FL 33131

*Counsel for Plaintiff Boca Raton Community
Hospital, Inc.*

Hal M. Hirsch
Richard A. Edlin
GREENBERG TRAURIG, LLP
MetLife Building
200 Park Avenue
New York, NY 10166

*Counsel for Plaintiff Boca Raton Community
Hospital, Inc.*

Melvyn I. Weiss
David A.P. Brower
MILBERG WEISS BERSHAD & SCHULMAN, LLP
One Pennsylvania Plaza
49th Floor
New York, New York 10119

*Counsel for Plaintiff Boca Raton Community
Hospital, Inc.*

Maya S. Saxena
Christopher S. Polaszek
MILBERG WEISS BERSHAD & SCHULMAN, LLP
Tower I - 5200 Town Center Circle
Suite 600
Boca Raton, FL 33486

*Counsel for Plaintiff Boca Raton Community
Hospital, Inc.*

Nicholas A. Oldham (D.C. Bar No. 484113)