UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In the Matter of a Subpoena Issued to<br>Thomas A. Scully | ) <br> ) <br> ) <br> ) | Misc. No. 06-0077 (GK) |
| _____ | ) <br> ) | |
| BOCA RATON COMMUNITY HOSPITAL,<br>INC., a Florida not-for-profit corporation d/b/a<br>BOCA RATON COMMUNITY HOSPITAL,<br>on behalf of itself, and on behalf of a Class of<br>all others similarly situated, | ) <br> ) <br> ) <br> ) <br> ) <br> ) | |
| Plaintiff, | ) <br> ) <br> ) | United States District Court<br>Southern District of Florida<br>Civil No. 05-80183 |
| v. | ) <br> ) <br> ) | Hon. Patricia A. Seitz<br>(related case) |
| TENET HEALTHCARE CORPORATION | ) <br> ) <br> ) | |
| Defendant. | ) <br> ) | |
| _____ | ) | |

**UNITED STATES' CONSOLIDATED OPPOSITION TO TENET'S MOTION
TO COMPEL DEPOSITION OF THOMAS A. SCULLY AND REPLY MEMORANDUM
IN SUPPORT OF UNITED STATES' CROSS-MOTION TO QUASH**

In this brief, the United States will address three of the issues discussed in Tenet's recent

brief: (1) Tenet's failure to exhaust its administrative remedies before bringing this case, (2) the

potential impact of Tenet's arguments on the Government's ability to protect its well-established

legal privileges, and (3) the Administrative Procedure Act's "notice and comment" requirement.

I.    THE REQUIREMENT THAT TENET EXHAUST ITS
      ADMINISTRATIVE REMEDIES IS NOT A "RED HERRING"

The first argument presented in Tenet's opposition to the Government's motion is that it

should not be required to exhaust its administrative remedies in accordance with the

Administrative Procedure Act before challenging the HHS Touhy regulations.  Tenet argues that

(1) exhaustion of remedies is not required when a litigant ignores a Touhy regulation completely


RECEIVED

MAR 2 4 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

and thereby deprives an agency of an opportunity to formally reject a Touhy request, (2) there is

no need to develop a factual record in this case because "[t]here are no facts to be developed

here," and (3) it would be futile for Tenet to submit a Touhy request because there is little chance

that HHS would agree with Tenet's contention that the HHS Touhy regulations are invalid.

       As a general rule, parties wishing to challenge federal statutes or regulations in federal

court must first exhaust their administrative remedies, even where the challenge "goes to the very

authority of the administrative body to conduct the relevant proceedings" and where "imposition

of the exhaustion requirement would force litigants to submit to the very procedures" they are

challenging. Ticor Title Ins. Co. v. F.T.C., 814 F.2d 731, 738-39 (D.C. Cir. 1987). In our

opening brief, the Government cited a number of cases holding that when an agency has enacted

Touhy regulations, litigants may not subpoena or request testimony of covered persons without

complying with those regulations. Government's February 28 Brief, pp. 3, 6-7. These cases

rejected efforts by litigants to circumvent Touhy regulations by moving to compel testimony

without exhausting administrative remedies. In response, Tenet has attempted to distinguish the

cases cited by the Government, but has not identified any legal authority to support the argument

that a litigant can avoid the APA's exhaustion requirement by ignoring a regulation entirely.

       Under the rule of law that Tenet proposes, litigants seeking testimony could circumvent

any Touhy regulation by simply issuing deposition subpoenas to current or former agency

employees "in their individual capacities" without serving any request or subpoena on the

agency, and then moving to compel the depositions. There is simply no legal justification for

Tenet's proposal.

       Tenet's assertion that "there are no facts to be developed here" (Tenet Opp. Brief, p. 4) is

also specious. Much of Tenet's brief is premised on two large and dubious assumptions: that

Tenet "does not seek to question Mr. Scully regarding genuinely privileged information," and

that HHS would arbitrarily forbid Mr. Scully from offering non-privileged testimony. Tenet

Opposition Brief, pp. 12; 13, n. 9.

Tenet's reliance on these assumptions demonstrates the need to develop a factual record

in this case before Tenet's arguments are ripe for consideration by this Court. As noted in the

Government's opening brief, Tenet's assurances to this Court about the scope of its intended

deposition inquiries for Mr. Scully are inconsistent with the declaration that it already submitted

to the Florida court. Tenet says in its recent brief that it only "seeks Mr. Scully's testimony to

address causation issues" (Tenet Opposition Brief, p. 13, n. 9), but the Scully affidavit that Tenet

actually submitted in Florida did not mention any causation issues at all. *See* Exhibit 1 to

Government's February 28 Brief. If Tenet complied with the HHS Touhy regulations and

explained clearly what topics it intended to cover at Mr. Scully's deposition, then we would not

need to speculate on whether Tenet's inquiries would implicate well-established Government

privileges.

If Tenet submits a Touhy request that seeks clearly privileged information, then many of

the arguments in its briefs (i.e., that the Touhy regulations do not create substantive privileges

and do not justify the suppression of non-privileged testimony) would be rendered irrelevant. On

the other hand, if Tenet's request were truly limited to information that is not privileged or

protected, it is quite possible that HHS would grant the request. Federal agencies grant Touhy

requests all the time, and there is no reason to assume that HHS would take an unreasonable or

legally unjustified position in response to a proper Touhy request from Tenet.

Tenet has asked this Court to invalidate the HHS Touhy regulations because they might

be interpreted to impose sweeping limitations on non-privileged testimony by former

3

Government employees. Until such time as Tenet actually makes a Touhy request and obtains an agency response, however, Tenet's objections to the scope of the regulations are merely hypothetical. HHS might interpret and apply its regulations as Tenet predicts, or it might not. Thus, Tenet's challenge to the regulations is premature and not properly before this Court. *See* Texas v. United States, 523 U.S. 296 (1998).

Tenet's argument that exhaustion of remedies would be futile in this case should be rejected for the same reasons. The issue here is not whether HHS would agree that its Touhy regulations are invalid – HHS clearly does not agree. Rather, the issues are (1) whether the information Tenet is seeking is privileged or protected, (2) whether HHS would grant or deny Tenet's Touhy request if one were submitted, and (3) if HHS denied Tenet's request, in whole or in part, what legal basis it would invoke in doing so. These questions go to the heart of the pending motions, and cannot be answered unless and until Tenet submits a Touhy request to HHS and gets a response. This process is not "futile," it is legally and practically necessary. Proper exhaustion of remedies in this case could obviate the need for this Court to analyze the validity or scope of the regulations at issue.

II.    TENET'S ARGUMENTS WOULD EFFECTIVELY MAKE IT IMPOSSIBLE FOR THE UNITED STATES TO PROTECT ITS WELL-ESTABLISHED PRIVILEGES

Tenet's brief demonstrates Tenet's continuing disregard for the Government's right to assert its well-established legal privileges, including attorney-client privilege, attorney work product privilege, and deliberative process privilege. If Tenet's arguments were accepted, it would make it virtually impossible for the Government to prevent the disclosure of clearly privileged information in cases in which it is not a party.

Tenet contends that "the government has no free-standing interest in regulating the disclosure of information by former employees" (Tenet Opp. Brief, p. 6.), that 5 U.S.C. § 301

4

does not authorize federal agencies to regulate the disclosure of potentially privileged or protected information (id., pp. 7-8), and that Touhy regulations can only be valid to the extent that they serve a "resource-management purpose." Id., p. 10. These assertions are all untrue, and the cases that Tenet cites do not support them. Boron Oil Co. v. Downie, 873 F.2d 67 (4th Cir. 1989) and Bobreski v. U.S. Environmental Protection Agency, 284 F. Supp.2d 67 (D.D.C. 2003), both held that resource management is one legitimate purpose of Touhy regulations, not that it is the only one. Neither decision examined whether the Government had an interest in regulating the disclosure of its non-public information.

In fact, the Government's interest in regulating the disclosure of potentially privileged information has long been recognized, including by the Touhy decision itself. *See* United States ex rel. Touhy v. Ragen, 340 U.S. 462, 468 (1951) ("When one considers the variety of information contained in the files of any government department and the possibilities of harm from unrestricted disclosure in court, the usefulness, indeed the necessity, of centralizing determination as to whether subpoenas duces tecum will be willingly obeyed or challenged is obvious."); Edwards v. U.S. Dept. of Justice, 43 F.3d 312, 317 (7th Cir. 1994) (It is clear from . . . . the common law doctrine in *Touhy* and the litany of succeeding case law, that the United States may restrict the release of its information."); Golden Pacific Bancorp v. FDIC, Case No. CIV A 99-3799(JCL), 1999 WL 1332312 at *4 (D.N.J. 1999) ("As its Touhy regulations reflect, OCC considers non-public information gained by OCC employees in the course of their employment to be OCC property. As such, it is OCC that stands to be harmed by the unauthorized release of such information.")[1]

---

[1] Even private parties have a right to prevent disclosure of privileged information by former employees. *See, e.g.,* Commodity Futures Trading Comm'n v. Weintraub, 471 U.S. 343,
(continued...)

Tenet's brief is the latest salvo in Tenet's continuing assault on the Government's ability to assert and protect its well-established legal privileges. It argues that because the Government does not represent Mr. Scully, "technically it has no standing to oppose Tenet's motion to compel, which is addressed solely to Mr. Scully." Tenet Opposition Brief, pp. 1-2, n. 1. It also argues that when the Government learns that privileged information is being disclosed in a case in which it is not a party, it does not even have a right to <u>assert</u> its privileges unless it obtains leave from the court to formally intervene in the case, and it must "demonstrate a sufficient interest" in the case to the court before obtaining that leave. <u>Id.</u>, p. 13.[2]

Tenet's proposals would effectively block the Government from ever preventing former employees from testifying in cases in which the Government is not a party about privileged information they obtained while working for the Government. According to Tenet, the Government cannot invoke Touhy regulations unless it is a party to a case, but Touhy regulations in general (and the HHS regulations in particular) only apply in cases in which the United States is <u>not</u> a party. According to Tenet, the Government cannot assert <u>any</u> privileges in cases in which it is not a party unless it can demonstrate that a privilege is about to be violated, but it is not entitled to advance notice of any information that would allow it to meet that burden. It is not

---

[1](...continued)
349, n.5 (1985); <u>In re Richard Roe, Inc.</u>, 168 F.3d 69, 72 (2d Cir. 1999); <u>Roe v. United States (In re Grand Jury Subpoenas)</u>, 144 F.3d 653, 658 (10th Cir.) <u>cert. denied</u> 525 U.S. 966 (1998).

[2] The only case that Tenet cites in support of this proposition is <u>Cavanaugh v. Saul</u>, No. 03-0111, 2005 WL 3591023 (D.D.C. December 23, 2005), an unpublished decision by Magistrate Judge Robinson. That decision is distinguishable because the question presented was whether the Department of Justice was entitled to send two sets of attorneys to a deposition, one from the Civil Division and one from the United States Attorney's Office. See <u>id.</u> at *2 ("Plaintiffs contend that since Defendants are represented by attorneys from the Department of Justice, the interests of the government will be protected."). The case does not support excluding Government attorneys from a case altogether if Government privileges are at issue, nor does it suggest that the Government lacks a right to protect its privileges.

6

entitled to advance notice before a declaration containing privileged information is submitted or the deposition of a former employee is taken. If it learns of such a deposition, it is not entitled to any advance notice of the topics that will be covered.

If Tenet's proposals were adopted, the Government would generally not find out that its privileged information was at risk until it was too late, and even if the Government discovered that a violation of its privileges was imminent, it would be unable to stop it. As the Government stated in its opening brief, Tenet's demonstrated disregard for the Government's legitimate privileges shows exactly why strict enforcement of agency Touhy regulations is so important.

III.    UNDER THE ADMINISTRATIVE PROCEDURE ACT, NOTICE AND
        COMMENT IS NOT REQUIRED FOR TOUHY REGULATIONS

The notice and comment requirements of the Administrative Procedure Act are set forth in 5 U.S.C. § 553. That statute expressly states that the notice and comment requirements contained therein do not apply "to interpretative rules, general statements of policy, or **rules of agency organization, procedure, or practice.**" 5 U.S.C. § 553(b)(A). (Emphasis supplied.) That exception clearly applies to Touhy regulations, which establish procedures and practices to be followed when someone seeks information that belongs to an agency. When the current HHS Touhy regulations were published in 2003, HHS expressly invoked this provision, stating that the new rule "is exempt from public comment, pursuant to 5 U.S.C. 553(b)(A) as a rule of 'agency organization, procedure, or practice.'" 68 Fed. Reg. 25838 (May 14, 2003).

Tenet incorrectly states that HHS relied on "the APA's exception for agency management and personnel rules" when it promulgated its Touhy regulations without notice and comment. Tenet Opposition Brief, p. 10. In fact, the "agency management or personnel" exception to the notice and comment requirement comes from 5 U.S.C. § 553(a)(2), which was not invoked by HHS when it published its Touhy regulations and is not at issue here. By contrast, the exception

7

that <u>was</u> invoked by the agency, namely the exception in § 553(b)(A) for "rules of agency organization, procedure, or practice," is completely ignored in Tenet's brief.

None of the cases that Tenet cited in connection with its notice and comment argument dealt with a Touhy regulation, or with the issue of when a regulation fits the "procedure or practice" exemption to the APA's notice and comment requirements. <u>Seaboard World Airlines v. Gronouski</u>, 230 F. Supp. 44 (D.C. Dist. 1964) was decided before 5 U.S.C. § 553 was even enacted (in 1966), and analyzed a notice and comment exception that was materially different from the current version. Moreover, the regulation at issue in that case, which permitted private contractors who delivered mail for the U.S. Post Office to use passenger jets as well as all-cargo turbine-powered aircraft, was not procedural.

The regulation at issue in <u>Joseph v. U.S. Civil Service Comm'n</u>, 554 F.2d 1140 (D.C. Cir. 1977), which modified Hatch Act restrictions on whether federal employees could participate in partisan political campaigns in the District of Columbia, did not involve agency "organization, procedure or practice," and the Government did not attempt to invoke that exception in defending the regulation. Similarly, in <u>Tunik v. Merit Systems Protection Board</u>, 407 F.3d 1326 (Fed. Cir. 2005), the court analyzed whether a regulation that involved the jurisdiction of the Merit Systems Protection Board to adjudicate certain types of complaints by Administrative Law Judges fit within the APA's "agency management or personnel" or "interpretive rule" exception, but not whether the regulation fit the "organization, procedure or practice" exception.

By contrast, cases that do address the APA's "organization, procedure or practice" exception do not support Tenet's arguments. For example, in <u>JEM Broadcasting Co., Inc. v. Federal Communications Comm'n</u>, 22 F.3d 320 (D.C. Cir. 1994), the Court of Appeals held that a regulation that barred broadcast license applicants from correcting mistakes in their

8

applications did not require notice and comment, even though it could have a significant impact on an applicant's ability to obtain a broadcast license. The court stated:

> Our oft-cited formulation holds that the "critical feature" of the procedural exception "is that it covers agency actions that do not themselves alter the rights or interests of the parties, although it may alter the manner in which the parties present themselves or their viewpoints to the agency."

Id. at 326 (quoting Batterson v. Marshall, 648 F.2d 694, 707 (D.C. Cir. 1980).

Similarly, in Southern California Edison Co. v. Federal Energy Regulatory Commission, 770 F.2d 779 (9th Cir. 1985), the court rejected the plaintiffs' argument that agency regulations that established procedures and standards for power utility rate approval were subject to notice and comment because they "would have a substantive effect on parties to BPA final rate approval proceedings." Id. at 783. The court stated, "we have rejected the notion that procedural rules with a substantive impact are subject to the notice and comment requirements." Ibid.

Like the regulation in JEM Broadcasting Company, Touhy regulations establish procedural requirements only. They do not purport to define the substantive rights of non-Government entities, even though they "may alter the manner in which . . . parties present themselves or their viewpoints to the agency." As Tenet concedes, HHS stated when it promulgated these regulations that it was not "the intention of the Department to create or broaden a Federal litigation privilege." 68 Fed. Reg. 25838. Therefore, under 5 U.S.C. 553(b)(A), no notice or comment was required when they were promulgated.

## CONCLUSION

For the reasons set forth above, the United States respectfully asks this Court to deny Tenet's motion to compel the deposition of Thomas A. Scully, and to grant the Government's cross-motion to quash that deposition.

DATED: March 24, 2006                 Respectfully submitted,

                                      PETER D. KEISLER
                                      Assistant Attorney General

                                      KENNETH L. WAINSTEIN
                                      United States Attorney

                                      KEITH V. MORGAN
                                      Assistant United States Attorney

                                      MICHAEL F. HERTZ
                                      MICHAEL GRANSTON
                                      DANIEL SPIRO


                              By:  _David T. Coh_____
                                      DAVID T. COHEN (Bar No. 418962)
                                      U.S. Department of Justice
                                      P.O. Box 261
                                      Ben Franklin Station
                                      Washington, D.C. 20044
                                      Telephone: (202) 307-0136
                                      Facsimile: (202) 307-3852
                                      E-mail: david.t.cohen@usdoj.gov

                                      Attorneys for United States of America

## CERTIFICATION OF SERVICE

This is to certify that true and correct copies of the United States' Motion to Quash Subpoena of Thomas A. Scully were served by first class mail, this 24th day of March, 2006, on the following counsel:

Jay P. Lefkowitz, Esq.
Karen N. Walker, Esq.
Susan E. Engel, Esq.
Kirkland & Ellis
655 Fifteenth Street, NW
Washington, DC 20005

Counsel for Tenet Healthcare Corp.

David H. Thompson, Esq.
Cooper & Kirk
555 Eleventh Street, NW
Suite 750
Washington, DC 20004

Counsel for Thomas A. Scully

Hal M. Hirsch, Esq.
Richard A. Edlin, Esq.
Ann C. Turetsky, Esq.
Greenberg Traurig, LLP
200 Park Avenue
New York, NY 10166

Counsel for Boca Raton Community Hospital

_David T. Cohen_

DAVID T. COHEN, ESQ.