UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

```
_____
In the Matter of A Subpoena    )
Issued to Thomas A. Scully,    )
                               )
_____ )
                               )
BOCA RATON COMMUNITY HOSPITAL, )
Inc.                           )
         Plaintiff,            )
                               )
     v.                        )   Civil Action No. 06-0077 (GK)
                               )
TENET HEALTHCARE CORPORATION,  )
                               )
         Defendant.            )
_____ )
```

**MEMORANDUM ORDER**

Before the Court are Tenet Healthcare Corporation's ("Tenet") Motion to Compel Deposition of Thomas A. Scully, [#1], and the United States' Cross-Motion to Quash Subpoena of Thomas A. Scully, [#2].

This miscellaneous matter arises from underlying litigation in the United States District Court for the Southern District of Florida. See Boca Raton Community Hospital v. Tenet Healthcare Corporation, No. 05-80183-civ-Seitz (S.D. Fl.). For purposes of deciding these Motions, the relevant facts are as follows. Pursuant to Federal Rule of Civil Procedure 45, Tenet subpoenaed Thomas A. Scully, former Administrator of the Centers for Medicare & Medicaid Services, to appear for a deposition on February 23, 2006. Scully asserted that the Department of Health and Human Services' ("HHS") Touhy regulations prohibited him from providing testimony without authorization from the agency head. HHS then

contacted Scully and Tenet's counsel and indicated that it would be inappropriate for Scully to testify because Tenet had not requested permission from the agency. Tenet responded by filing a Motion to Compel in this Court.

HHS's Touhy regulations, which apply only when the United States is not a party to the litigation, provide that "[n]o employee or former employee of the DHHS may provide testimony or produce documents in any proceedings . . . concerning information acquired in the course of performing official duties or because of the person's official relationship with the Department unless authorized by the Agency head." 45 C.F.R. § 2.3 (2006). The regulations are authorized by 5 U.S.C. § 301 (2006), which states, "The head of an Executive department . . . may prescribe regulations for the government of his department, the conduct of its employees . . and the custody, use, and preservation of its records, papers, and property."

The Government and Scully argue that Tenet's Motion is premature because it failed to exhaust administrative remedies by making a request to the agency to conduct the deposition, and then appealing the agency's adverse decision. The Court agrees.

In Ticor Title Ins. Co. v. FTC, 814 F.2d 731 (D.C. Cir. 1987), the D.C. Circuit addressed a challenge to the Federal Trade Commission's commencement of an administrative proceeding under Section 5 of the FTC Act, prior to the conclusion of the

administrative proceedings.  The Court held that parties wishing to challenge federal statutes or regulations in federal court must first exhaust their administrative remedies, even though the challenge went "to the very authority of the administrative body to conduct the relevant proceedings," and "the imposition of the exhaustion requirement would force litigants to submit to the very procedures," they challenged.  Ticor, 814 F.2d at 738-39.

Tenet does not distinguish Ticor.  Instead, citing American Federation of Government Employees v. Acree, 475 F.2d 1289, 1292 (D.C. Cir. 1973) (per curiam), Tenet claims it does not have to exhaust its administrative remedies because to do so would be "futile."  However, Ticor, which was decided after Acree, made clear that the general rule – that "exhaustion of available administrative remedies is a prerequisite to obtaining judicial relief for an actual or threatened injury," – would not be swallowed by the exceptions discussed in Ticor.  Ticor, 814 F.2d at 738.

Moreover, the Government makes it very clear that exhaustion of administrative remedies would not be futile. As the Government notes, "[i]f Tenet submits a Touhy request that seeks clearly privileged information, then many of the arguments in its briefs (i.e., that the Touhy regulations do not create substantive privileges and do not justify the suppression of non-privileged testimony) would be rendered irrelevant.  On the other hand, if

Tenet's request were truly limited to information that is not privileged or protected, it is quite possible that HHS would grant the request." Gov't Consol. Opp'n at 3.

Finally, even if the agency denies Tenet's request, Tenet will still be afforded meaningful review of that decision under the Administrative Procedure Act. <u>Houston Bus. Journal v. Office of the Comptroller of Currency, U.S. Dep't of Treasury</u>, 86 F.3d 1208, 1212 n.4 (D.C. Cir. 1996).

Accordingly, upon consideration of the Motions, Oppositions, and Replies, and the entire record herein, it is hereby **ORDERED** that Tenet's Motion to Compel, [#1], is **denied**, and the United States' Motion to Quash, [#2], is **granted**.

Because the Court rules that Tenet's Motion must be denied for failure to exhaust its administrative remedies, it need not address the substantive issue of whether HHS's <u>Touhy</u> regulations are valid as applied to former employees.

April 10, 2006

/s/
GLADYS KESSLER
U.S. District Judge

**Copies to:** Attorneys of record via ECF and